IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:21-CR-00234 |
| v. | (Chief Judge Brann) |
| ABDULRAHMAN EL BAHNASAWY, | |
| Defendant. | |

MEMORANDUM OPINION

DECEMBER 19, 2022

## I.  BACKGROUND

In 2021, Abdulrahman El Bahnasawy was indicted for two counts of assaulting a federal officer, in violation of 18 U.S.C. § 111(a)(1), two counts of assault with the intent to commit murder, in violation of 18 U.S.C. § 113(a)(1), two counts of assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3), two counts of possessing a prohibited object, in violation of 18 U.S.C. § 1791, and one count of providing material support and resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1).[1] That indictment arose from an incident that occurred in December 2020, when El Bahnasawy allegedly used a 14.5 inch sharpened metal weapon to attack two correctional officers, one of whom, as a result of the attack, lost an eye and suffered brain damage.[2]

---

[1]  Doc. 1.
[2]  *Id. See also* Doc. 38 at 21; Doc. 39 at 4.

Currently pending before the Court is El Bahnasawy's motion to enter a plea of *nolo contendere* to Counts One and Two of the Indictment, which charge El Bahnasawy with assaulting a federal officer.[3] El Bahnasawy notes that he has long suffered from mental health issues, and asserts that, at the time of the alleged assaults, he was in the midst of a psychotic episode.[4] He contends that permitting the plea would serve the interests of "the community by assuring convictions that embrace the alleged conduct against the officers while eliminating the risks of trial and the attendant devotion of resources" and would provide adequate punishment for his actions.[5]

The Government responds that the public interest weighs against granting the motion.[6] Specifically, the Government asserts that the two counts to which El Bahnasawy seeks to plead guilty do not fully represent the seriousness of the underlying conduct, as El Bahnasawy allegedly attempted to murder the correctional officers by using a deadly weapon and did so to provide support to the Islamic State of Iraq and Syria ("ISIS").[7] This action came, the Government emphasizes, after El Bahnasawy was imprisoned for conspiring to commit a bombing in the name of ISIS.[8] The Government further argues that permitting the plea will undermine the

---

[3] Doc. 38.
[4] *Id.* at 7-20.
[5] Doc. 38 at 21; *see id.* at 21-22.
[6] Doc. 39.
[7] *Id.* at 3-4.
[8] *Id.* at 4-5.

interest of the victims, the interests of the Government in deterring terrorist acts and in maintaining the security and good order of federal prisons, and would create legal issues in the future should El Bahnasawy attempt to bring a civil case against the Government.[9] The Government also asserts that there is no good reason why El Bahnasawy cannot plead guilty to the offenses and admit to the facts underlying those offenses at a change of plea hearing.[10]

El Bahnasawy has filed a reply brief, and the motion is now ripe for disposition.[11] For the following reasons, El Bahnasawy's motion to enter a plea of *nolo contendere* to Counts One and Two of the Indictment will be denied.

## II.  DISCUSSION

A plea *nolo contendere* differs from an ordinary guilty plea because it "is not a factual admission that the pleader committed a crime. Rather, it is a statement of unwillingness to contest the government's charges and an acceptance of the punishment that would be meted out to a guilty person."[12] Such pleas are designed to "encourage[] compromise in criminal cases, which, in turn, lessens the burden on courts, defendants and prosecutors, producing a more efficient criminal justice system."[13] The United States Court of Appeals for the Third Circuit has made clear

---

[9]  *Id.* at 5-6.
[10] *Id.* at 6-7.
[11] Doc. 40.
[12] *Sharif v. Picone*, 740 F.3d 263, 267 (3d Cir. 2014) (internal quotation marks omitted).
[13] *Id.* at 268.

that a *nolo contendere* plea is not "tantamount to an admission of guilt."[14] "Nevertheless, a plea of *nolo contendere* has the same legal consequences as a plea of guilty and results in a conviction."[15]

Due to the unique nature of a plea *nolo contendere*, criminal defendants may enter such a plea only with consent of the district court, and only after that court has first considered "the parties' views and the public interest in the effective administration of justice."[16] In assessing whether a defendant should be permitted to plead *nolo contendere*, district courts have developed a number of factors that may, but need not, be considered including, as relevant here: (1) "[t]he position of the Government"; (2) "[t]he nature of the violations"; (3) "[p]rior violations by the defendant"; (4) "[t]he deterrent effect of the plea (i.e., whether a greater deterrent effect will result from conviction rather than from acceptance of the plea"; (5) "the interests of judicial economy, namely the elimination of the need for a trial"; and (6) "whether acceptance of the plea would breed contempt for law enforcement, would be discriminatory, and would be incongruous."[17] "In evaluating a *nolo* plea, no one factor is determinative, and the courts consider these factors as a whole."[18]

---

[14] *Id.*
[15] *United States v. Adedoyin*, 369 F.3d 337, 344 (3d Cir. 2004).
[16] Fed. R. Crim. P. 11(a)(3).
[17] *United States v. McGill*, 128 F. Supp. 3d 863, 868-69 (E.D. Pa. 2015) (internal quotation marks omitted).
[18] *Id.* at 869 (brackets and internal quotation marks omitted).

Despite the existence of these rough guidelines, courts retain "broad discretion and may reject the *nolo* plea if it determines that accepting the plea is not in the public interest."[19] As the United States Court of Appeals for the Tenth Circuit has stated, the breadth of that discretion means that "the plea of *nolo contendere* cannot be entered by the defendant as a matter of right but is pleadable only by leave of court, its acceptance by the court being *entirely* a matter of grace."[20] So broad is this discretion that courts need not consider the aforementioned factors—or any factors at all—and may simply "adopt[] . . . a general policy against" accepting *nolo contendere* pleas.[21]

Applying that law to the facts of this case, the Court concludes that El Bahnasawy's motion should be denied for several reasons. First, in what the Court views as the best indication of the public interest, the Government and, it appears, the victims of El Bahnasawy's alleged crimes, oppose the motion.[22]

Second, it does not appear to the Court that permitting a plea of *nolo contendere* as to only two of the counts against El Bahnasawy would further the interests of judicial economy; quite to the contrary, the proposed plea may waste judicial resources. El Bahnasawy's proposed plea would be only to two counts charging assault of a federal officer. However, the underlying conduct, as alleged by

---

[19] *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009).
[20] *United States v. Buonocore*, 416 F.3d 1124, 1131 (10th Cir. 2005).
[21] *Id.*
[22] *See* Doc. 39 at 1.

the Government, includes allegations that El Bahnasawy sought to kill the correctional officers and to aid a terrorist organization, and that conduct is therefore far more serious than simple assault. The underlying conduct may increase the Sentencing Guidelines range as prescribed by the *United States Sentencing Guidelines Manual*, and would certainly have a significant impact on any sentence that is ultimately meted out.

Since El Bahnasawy would not, by virtue of his plea, be admitting to those facts, or indeed any facts beyond the essential elements of the two offenses to which he would plead guilty,[23] it would be necessary for the Government to establish the veracity of those allegations at a sentencing hearing. This would require the Government to call witnesses, present testimony and evidence, and essentially prosecute a mini trial. If the Government were then to pursue the remaining charges against El Bahnasawy, which it has indicated it is likely to do, an actual trial would be held wherein the Government would need to produce that same evidence and testimony a second time.

Third, the Indictment charges serious offenses that are of concern to public—particularly El Bahnasawy's alleged connections to a terrorist organization. The community would be well served by having the Government's evidence displayed in the open, subjected to public scrutiny, and subjected to cross-examination in an

---

[23]  *See United States v. Farrar*, 876 F.3d 702, 706 (5th Cir. 2017) (noting that a *nolo contendere* plea "admit[s] every essential element of the offense (that is) well pleaded in the charge").

adversarial proceeding. A conviction would likewise send a public message regarding the lengths to which the Government will go to prevent terrorism, protect its prison officials, and seek justice for prison officials who are harmed by inmates.

Fourth, and relatedly, "justice is best served by a clear-cut determination of the guilt or innocence of" El Bahnasawy.[24] Fifth, permitting El Bahnasawy to plead *nolo contendere* would potentially breed contempt for law enforcement in two ways. For one, permitting such a plea may send a message to the public and federal inmates that the Government will not fully pursue inmates who attack prison officials, which could potentially encourage future attacks against those officials. Secondly, permitting such a plea is "one of the factors which has tended to breed contempt for federal law enforcement because the public regards consent to such a plea by the Government as an admission that it has only a technical case at most and that the whole proceeding was just a fiasco."[25] This is a particularly serious consideration in a case such as this, which involves an attack that allegedly occurred on behalf of ISIS and resulted in a correctional officer losing his eye and suffering brain damage.

Finally, the Court has strong reservations in general regarding the acceptance of *nolo contendere* pleas. By accepting such a plea "the court is placing its imprimatur upon a fiction in order to assist a criminal defendant in avoiding civil

---

[24] *United States v. Lov-It Creamery, Inc.*, 704 F. Supp. 1532, 1541 (E.D. Wis. 1989).
[25] *Buonocore*, 416 F.3d at 1130 n.3.

liability."[26] Accepting such a plea would place the Court in the difficult position of finding an individual guilty and imposing a criminal sentence without that individual ever having admitted his guilt or been found guilty by a jury of his peers.

For those reasons, the Court concludes that it cannot accept El Bahnasawy's proposed plea of *nolo contendere* as to Counts One and Two of the Indictment.

## III. CONCLUSION

Consequently, El Bahnasawy's motion to enter a plea of *nolo contendere* as to Counts One and Two of the Indictment will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[26] *Id.*