IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

ABDULRAHMAN EL
BAHNASAWY,

Defendant.

No. 4:21-CR-00234

(Chief Judge Brann)

## MEMORANDUM OPINION

### AUGUST 20, 2024

## I.   BACKGROUND

On August 12, 2021, a grand jury sitting in the Middle District of Pennsylvania returned a nine count Indictment against Abdulrahman El Bahnasawy, charging him with two counts of Assaulting a Federal Officer in violation of 18 U.S.C. § 111(a)(1) (Count I and Count II); two counts of Assault with Intent to Commit Murder in violation of 18 U.S.C. § 113(a)(1) (Count III and Count IV); two counts of Assault with a Dangerous Weapon in violation of 18 U.S.C. § 113(a)(3) (Count V and Count VI); two counts of Possession of a Prohibited Object in violation of 18 U.S.C. § 1791 (Count VII and Count VIII); and one count of Provision of Material Support and Resources to a Designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1) (Count

IX).[1] Bahnasawy's Initial Appearance and Arraignment was held on August 25, 2021, where he subsequently entered a plea of not guilty to all counts of the Indictment.[2]

Defendant first moved to continue trial and jury selection for this case on September 7, 2021.[3] Since then, timely Motions to Continue were filed by the parties through September 11, 2023.[4] The Court then granted that continuance on September 14, 2023 to move trial and jury selection to November 6, 2023.[5] On September 29, 2023, the Court granted the United States' Motion for a Competency and Mental Health Examination under Federal Rule of Criminal Procedure 12.2(c). Until Defendant's June 24, 2024 Motion to Dismiss the Indictment, the Court received no additional motions from the parties.[6] That motion is now ripe for disposition; for the reasons that follow, it is denied.

## II.    FACTUAL BACKGROUND

As discussed above, the Court most recently granted a continuance of trial and jury selection in this case through November 6, 2023. Shortly before the

---

[1]    Doc. 1 (Indictment).
[2]    Doc. 11 (Not Guilty Plea).
[3]    Doc. 16 (Sept. 7, 2021 Motion to Continue).
[4]    Doc. 23 (Oct. 27, 2021 Motion to Continue); Doc. 28 (Jan. 5, 2022 Motion to Continue); Doc. 30 (Mar. 3, 2022 Motion to Continue); Doc. 32 (May 6, 2022 Motion to Continue); Doc. 34 (July 7, 2022 Motion to Continue); Doc. 36 (Oct. 3, 2022 Motion to Continue); Doc. 45 (Dec. 2, 2022 Motion to Continue); Doc. 50 (Jan. 31, 2023 Motion to Continue); Doc. 56 (Apr. 27, 2023 Motion to Continue); Doc. 59 (July 3, 2023 Motion to Continue); and Doc. 65 (September 11, 2023 Motion to Continue).
[5]    Doc. 66 (Sept. 14, 2023 Continuance Ord.).
[6]    Doc. 69 (Motion to Dismiss Indictment).

expiration of this period, counsel for Bahnasawy, Andrew Frisch, Esquire, emailed Assistant United States Attorney Geoffrey MacArthur to ask for an "update on the proposed timing of the [Government's] doctor's evaluation" of Defendant.[7] In response, MacArthur identified an issue with financing and that he would "see what the issue is."[8]

Bahnasawy then contends that his counsel had no further contact with the Government until June 3, 2024. At 12:44 p.m. on that day, MacArthur emailed Frisch stating that the Government was "trying to get [its] expert … out to [the United States Penitentiary Administrative Maximum Facility, Florence] to conduct the competency and mental health examinations" ordered by the Court on September 29, 2023.[9] MacArthur also suggested that the selected doctor may "have availability" in August 2024 to perform the examination, nearly a year after the Court's initial Order.[10] Frisch replied at 1:33 p.m. asking "[w]hy has it taken so long to get to this point?"[11] MacArthur then responded at 3:37 p.m. offering the following explanations: the expert "took some time to review past records to get up to speed" and he "had a trial at the end of 2023 and another one in April that took up the bulk of [his] time."[12] He also indicated that he "want[s] to move this matter

---

[7]   Doc. 71 (Brief in Support of Motion to Dismiss), Ex. A (Oct. 27, 2023 Email Correspondence).
[8]   *Id.*
[9]   *Id.*, Ex. B (June 3, 2024 Email Correspondence).
[10]   *Id.*
[11]   *Id.*
[12]   *Id.*

forward, we just have a lot of schedules to coordinate …" and asked about the possibility of a negotiating a guilty plea.[13] Finally, MacArthur "apologize[d] for the delay" and indicated that they should "get this moving and set a trial date."[14]

## III.   DISCUSSION

"The Sixth Amendment of the United States Constitution guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.'"[15] "Congress enacted the Speedy Trial Act to give effect to this constitutional guarantee 'by setting specified time limits … within which criminal trials must be commenced.'"[16] "Pursuant to the Speedy Trial Act, 'the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.'"[17] For Bahnasawy, his "seventy-day 'clock'" under the Speedy Trial Act began to run on August 25, 2021.[18]

---

[13]   *Id.*
[14]   *Id.*
[15]   *United States v. Williams*, 917 F.3d 195, 199 (3d Cir. 2019) (quoting U.S. CONST. amend. VI.).
[16]   *Id.* (quoting *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988)).
[17]   *Id.* (quoting 18 U.S.C. § 3161(c)(1)).
[18]   *Id.*; Doc. 6 (Notice of Hearing for August 25, 2021); and Doc. 11 (Not Guilty Plea).

But the Speedy Trial Act carves out certain "excludable" periods of time.[19] "In other words, certain events or occurrences 'stop' the seventy-day speedy trial clock."[20] Relevant to the present motion, the Speedy Trial Act excludes "delay resulting from any proceeding, including any examinations, to determine the mental competency … of the defendant" under 18 U.S.C. § 3161(h)(1)(A) and "delay resulting from transportation of any defendant … to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order … directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable" under 18 U.S.C. § 3161(h)(1)(F).

In *United States v. Graves*,[21]  the United States Court of Appeals for the Third Circuit held that "the period of excludable delay under § 3161(h)(1)(A) begins when a party moves for, or the court *sua sponte* orders, a competency determination. The excluded time continues at least until a competency hearing is held …."[22] "In other words, the period between a request for a competency examination and a hearing addressing that issue is clearly part of the 'delay resulting from any proceeding … to determine the mental competency or physical capacity of the defendant,' and therefore is 'excluded … in computing the time

---

[19]  *Id.* at 200.
[20]  *Id.*
[21]  *United States v. Graves*, 722 F.3d 544 (3d Cir. 2013).
[22]  *Id.* at 548.

within which the trial … must commence.'"[23] Further, the Court is not to evaluate the reasonableness of any delay that arises during this period under § 3161(h)(1)(A).[24] "[A]ll delays attributable to a competency proceeding, reasonable or not, are excluded from the 70-day calculation."[25]

Although Bahnasawy extensively relies on *United States v. Williams*,[26] that case is inapposite to his circumstances. In *Williams*, the Third Circuit narrowed its holding in *Graves* by addressing the "interplay between 18 U.S.C. § 3161(h)(1)(A) … and 18 U.S.C. § 3161(h)(1)(F)."[27] *Williams* held that "the period of delay that is excludable under [§] 3161(h)(1)(A) for proceedings to determine the mental competency of a defendant, including examinations, is limited by the specific language of [§] 3161(h)(1)(F), which explicitly states that a period of delay in transporting a defendant to the site of an examination in excess of ten days is presumptively unreasonable."[28]

But, as the Government notes, the Court's September 29, 2023 Order for a Competency and Mental Health Examination makes no mention of "transportation … to and from places of examination or hospitalization …."[29] Instead, the United

---

[23]   *Id.* (quoting 18 U.S.C. § 3161(h)(1)(A)).

[24]   *Id.* at 548.

[25]   *Id.*

[26]   *United States v. Williams*, 917 F.3d 195 (3d Cir. 2019).

[27]   *Id.* at 200-201.

[28]   *Id.* at 203.

[29]   *See* 18 U.S.C. § 3161(h)(1)(F). As described by the Third Circuit, the "District Court [in *Williams*] ordered that Williams be transported to the Federal Medical Center in Butner, North Carolina … to undergo a psychological examination." *Williams*, 917 F.3d at 197. *See*

States Penitentiary Administrative Maximum Facility, Florence was ordered to "provide Dr. Ronald Schouten reasonable access to [Defendant] for the purpose of conducting a mental health and competency examination."[30] Accordingly, the Court's September 29, 2023 does not qualify as a "transportation order" under the Speedy Trial Act. I also find Bahnasawy's argument concerning his movement within the United States Penitentiary Administrative Maximum Facility, Florence for this evaluation to be unavailing.

But I agree with Defendant's persuasive argument that the delay in this case has been unreasonable. Despite this, my reading of the Speedy Trial Act and the Third Circuit precedent interpreting this statute precludes my consideration of the reasonableness of any delay, and the entire delay attributable to this mental health and competency examination is therefore excludable.[31] Consequently, no Speedy Trial Act violation has occurred, and Defendant's Motion to Dismiss the Indictment is denied.

---

*also United States v. Williams*, 3:14-cr-00009-CVG-RM-1 (D.V.I. 2014), ECF No. 33 (June 11, 2014 Ord. Granting Motion for Evaluation to Determine Mental Competency) ("Pursuant to 18 U.S.C. § 4247(b), for purposes of this examination, defendant is committed to be examined for a reasonable period, but not to exceed thirty (30) days, to the custody of the Attorney General for placement at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"); Upon defendant's arrival to FMC-Butner, the BOP shall notify defendant's counsel so that counsel can immediately forward any pertinent information concerning defendant's medical history ...."); *United States v. Williams*, 3:14-cr-00035-CVG-RM-1 (D.V.I. 2014), ECF No. 7 (July 16, 2014 Ord. Granting Motion for Evaluation to Determine Mental Competency) (modifying the June 11, 2014 Ord.).

[30]  Doc. 68 (Ord. Granting Mental Health and Competency Evaluation).

[31]  *Graves*, 722 F.3d at 548.

## IV.   CONCLUSION

The delay in securing Bahnasawy's mental health and competency evaluation is excludable for purposes of the Speedy Trial Act. As such, the Motion to Dismiss the Indictment is denied, and the parties shall move forward with completing the evaluation with no further delay.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge