**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 4:21-CR-00234 |
| v. | (Chief Judge Brann) |
| ABDULRAHMAN EL BAHNASAWY, | |
| Defendant. | |

# MEMORANDUM OPINION AND ORDER

**AUGUST 13, 2026**

## I. BACKGROUND

Defendant Abdulrahman El Bahnasawy pled guilty to a nine-count indictment charging him with offenses related to an attack he perpetrated against two corrections officers while incarcerated at the United States Penitentiary, Allenwood.[1] The Court permitted the parties to submit briefing regarding whether the stipulated factual record from the change of plea hearing provided a sufficient factual basis for El Bahnasawy's guilty plea to Count 9, which charged him with providing or attempting to provide material support to a designated foreign terrorist organization ("FTO") in violation of 18 U.S.C. § 2339B(a)(1).[2] After considering

---

1 *See United States v. El Bahnasawy*, No. 4:21-CR-0234, 2026 WL 161774, at *1 (M.D. Pa. Jan. 21, 2026). This prior opinion includes a detailed recitation of the circumstances of the attack. Because I write for the parties, I do not repeat those facts here.

2 *Id.* at *1-2.

their arguments, the Court sided with the Government and adjudged El Bahnasawy guilty of the offense in Count 9.

At the change of plea hearing and in his briefing, El Bahnasawy's counsel repeatedly noted that a panel of the United States Court of Appeals for the Second Circuit had appeared skeptical of a Section 2339B charge at an oral argument in a matter—*United States v. Ullah*—that had been argued several years earlier but remained pending.[3] In my prior decision, I noted that I found this "appellate questioning" unpersuasive.[4]

Three months after my decision, the Second Circuit decided *Ullah*: a split panel agreed with Ullah's (and, by the transitive property, El Bahnasawy's) arguments and vacated his conviction on the Section 2339B charge.[5] Following that decision, El Bahnasawy sought reconsideration of my determination on Count 9, arguing that I should revise my analysis to follow the majority's reasoning in *Ullah*.[6] The motion for reconsideration is now fully briefed and ripe for disposition. For the following reasons, it is denied.

---

3 *See* 173 F.4th 399, 413 (2d Cir. 2026) (discussing procedural history of appeal); *United States v. Ullah*, No. 18-CR-0016, 2021 WL 21902 (S.D.N.Y. Jan. 4, 2021).

4 *El Bahnasawy*, 2026 WL 161774, at *3 n.31.

5 *Ullah*, 173 F.4th at 410-11, 413-23.

6 *See* Doc. 162 (Brief in Supp. of Mot. for Recons.).

## II. LEGAL STANDARD

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."[7] Accordingly, to properly support such a motion the movant must show "at least one of the following: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'"[8]

## III. DISCUSSION

El Bahnasawy's briefing solely addresses the applicability of the majority's reasoning in *Ullah* and attempts to distinguish *Ullah*'s dissent.[9] However, he agrees that "*Ullah* is not controlling in this Circuit."[10] So the first path to reconsideration is off the table. Nor does he attempt to introduce any new evidence, so option two is unavailable as well. The third choice is El Bahnasawy's focus: he contends that reconsideration is warranted to "correct a clear and manifest error of law and prevent manifest injustice in this case and others."[11]

---

7 *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

8 *In re Vehicle Carrier Servs. Antitr. Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (quoting *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal alterations omitted).

9 *See* Doc. 162.

10 *Id.* at 1.

11 *Id.* at 1.

The Second Circuit's contrary split decision in *Ullah* does not establish that the Court committed a "clear and manifest" error of law in its prior ruling, for at least four reasons. First, *Ullah*'s own divided nature indicates that an out-of-circuit jurist does not "clear[ly]" err by agreeing with the dissent.[12] Second, and relatedly, El Bahnasawy nowhere engages with the Court's citation to other non-controlling, and thus equally persuasive, appellate authority in support of the prior ruling.[13] The Court cannot conclude that siding with what appears to be the majority of Circuits in a burgeoning circuit-split constitutes "clear and manifest" error. Third, as the Government notes, *Ullah* is factually distinguishable: Ullah never had contact with the relevant FTO;[14] El Bahnasawy did, several years before the attack at issue.[15] This distinction is particularly important given higher courts' repeated exhortation "that 'gradations of fact or charge would make a difference as to criminal liability.'"[16] Finally, and most generally, the Court notes that the instant issue is just part of a

---

[12] In dissent, the Honorable Steven Menashi reasoned along lines very similar to mine. *See Ullah*, 173 F.4th at 442-48. The Court also notes that the Government has petitioned for rehearing *en banc* in *Ullah*. Pet. for Reh'g *En Banc*, No. 21-1058 (2d Cir. July 10, 2026), Doc. 133.

[13] *El Bahnasawy*, 2026 WL 161774, at *4 & nn.35-37 (collecting cases). The court distinguished a few—but not all—of these cases in *Ullah*. 173 F.4th at 422-23 (discussing *United States v. Suarez*, 893 F.3d 1330, 1335 (11th Cir. 2018) and *United States v. Jama*, 217 F. Supp. 3d 882, 893 (E.D. Va. 2016)).

[14] *Ullah*, 173 F.4th at 411-12.

[15] *El Bahnasawy*, 2026 WL 161774, at *5 & n.45 (citing Doc. 150-1 at 7). Notably, El Bahnasawy has still not provided legal authority "for the proposition that contacts with an FTO lose relevance with the passage of time," *id.*, instead speculating that ISIS "had no . . . memory of him." Doc. 168 (Reply) at 2.

[16] *Ullah*, 173 F.4th at 422 (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 25 (2010)).

decades-long, highly fraught dispute over the breadth of Congress's antiterrorism legislation, and this provision in particular.[17]

The above discussion reveals that El Bahnasawy does not seek to correct a "clear and manifest" error of law. He instead asks this Court to reanalyze a developing legal question with the benefit of advantageous but non-controlling precedent. But motions for reconsideration "are not to be used as an opportunity to relitigate the case."[18] The Court considered El Bahnasawy's arguments once before and found them unconvincing. No controlling precedent has rendered that decision untenable, so El Bahnasawy cannot take a "second bite at the apple."[19] If El Bahnasawy remains dissatisfied with my analysis, he is free to ask the United States Court of Appeals for the Third Circuit to conduct its own analysis after he is sentenced.[20]

For similar reasons, El Bahnasawy has not cleared the bar of showing that the prior decision results in manifest injustice. This "is a high burden for any party to meet," and generally requires demonstrating that the litigation was "so patently unfair and tainted that the error is manifestly clear to all who view the record."[21] As

---

17 *See Ullah*, 173 F.4th at 417-20 (noting "over a decade of court decisions, appeals, and remands" along with "multiple amendments" related to Section 2339B by 2010).

18 *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess*, 602 F.3d at 251).

19 *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1232 (3d Cir. 1995).

20 *Barrett v. West Chester Univ. of Pa.*, 636 F. Supp. 2d 439, 443 (E.D. Pa. 2009) (internal citations omitted).

21 *Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC*, No. 15-CV-0050, 2017 WL 2985432, at *6 (W.D. Pa. July 13, 2017) (quoting *Conway v. A.I. duPont Hosp. for Child.*, No. 04-CV-4862, 2009 WL 1492178, at *6 (E.D. Pa. May 26, 2009)); *Arnold v. Wormuth*, No. 23-

stated, the Court decided a disputable question of law against El Bahnasawy. But, even if incorrect, the above analysis shows that any error was not "manifestly clear," and the proceedings were far from unfair: El Bahnasawy was provided an obscure procedural avenue to conditionally plead guilty so that he could fully present and argue his position.[22] Moreover, any prejudice to El Bahnasawy from the prior decision would be minimal if not nonexistent.[23] All agree that Count 9—which carries a statutory maximum sentence of 20 years' imprisonment[24]—does not increase El Bahnasawy's sentencing exposure given that defense counsel estimated his advisory guidelines sentencing range at either life or 360 months–life, depending on the inclusion of Count 9.[25] Even assuming an (incredibly unlikely) significant downward variance from the estimated guidelines range, El Bahnasawy will have many years to pursue an appeal of the prior decision before the Count 9 charge has any tangible impact on his sentence.

El Bahnasawy's primary focus on the manifest injustice consideration is the abstract risk that Government prosecutors may use broad interpretations of Section 2339B "to target ideological dissent and end-run majority rule."[26] He cites no

CV-0231, 2025 WL 4231019, at *1 n.1 (E.D. Pa. July 2, 2025) (quoting *In re Titus*, 479 B.R. 362, 367-68 (Bankr. W.D. Pa. 2012)).

22 *See El Bahnasawy*, 2026 WL 161774, at *1 & n.15.

23 *See Mohammadi v. Islamic Rep. of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013) (requiring showing of "clear and certain prejudice to the moving party").

24 28 U.S.C. 2332(b)(1).

25 Doc. 157 (Plea Hr'g Tr.) at 23:21-24:13.

26 Doc. 162 at 5-6 (arguing that "[t]he time to prevent manifest injustice is now"); Doc. 168 at 2-3.

authority for the proposition that general societal worries are relevant in this analysis, and, in any event, "policy concerns cannot trump the best interpretation of the statutory text."[27] Moreover, El Bahnasawy's abstract fears ignore the factual distinctions between his hypothetical persecuted dissenters and his own conduct. That someone in the future may come before the Court with a distinct "set of facts"[28] in which liability should not attach is not a basis for letting others off the hook: judges are equipped to analyze these "gradations of fact" and assign "criminal liability" according to the statute, and each "adjudication . . . must await a concrete fact situation."[29] On El Bahnasawy's facts, I have found that liability is proper.

## IV. CONCLUSION & ORDER

For the above-stated reasons, El Bahnasawy has not carried his burden of showing that reconsideration of my prior decision is necessary. **THEREFORE**, **IT IS HEREBY ORDERED** that El Bahnasawy's motion for reconsideration (Doc. 161) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

27 *United States v. Johnson*, 114 F.4th 148, 156 n.5 (3d Cir. 2024) (quoting *Patel v. Garland*, 596 U.S. 328, 346 (2022)).
28 *See* Doc. 162 at 6.
29 *Humanitarian Relief Project*, 561 U.S. at 25 (quoting *Zemel v. Rusk*, 381 U.S. 1, 20 (1965)).